**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

LYDIA TERRY DOMINELLI,

                                **Plaintiff,**

    vs.                                                      1:16-cv-00203
                                                                  (MAD/CFH)

NORTH COUNTRY ACADEMY,

                                  **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**LYDIA TERRY DOMINELLI**
128 Pine Ridge II
Halfmoon, New York 12065
Plaintiff *pro se*

**TOWNE, RYAN & PARTNERS, P.C.**          **CLAUDIA A. RYAN, ESQ.**
Albany Office                                 **MEGAN M. COLLELO, ESQ.**
450 New Karner Road
P.O. Box 15072
Albany, New York 12205
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

*Pro se* Plaintiff Lydia Terry Dominelli ("Plaintiff") commenced this action on February 22, 2016 against Defendant North Country Academy ("Defendant") pursuant to the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 *et seq.*) and 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### II. BACKGROUND

On January 26, 2015, Plaintiff commenced an action nearly identical to the present action before U.S. District Court Judge Lawrence E. Kahn. *See Dominelli v. North Country Academy*, No. 1:15-cv-0087, 2016 WL 616375 (N.D.N.Y. Feb. 16, 2016). In that case, Judge Kahn dismissed several individual Defendants, leaving North Country Academy as the only remaining Defendant. *See id.* at *7. Judge Kahn also dismissed Plaintiff's claims pursuant to 42 U.S.C. § 1983 with prejudice. *See id.* at *6, n.9. With respect to Plaintiff's claims under the ADA, Judge Kahn found that Plaintiff had only sufficiently alleged one element of her failure to accommodate claim, and had not sufficiently alleged any element of her disability discrimination claim. *See id.* at *5-6. However, Judge Kahn granted Plaintiff leave to amend, finding that she may be able to state a claim under the ADA with an amended pleading. *See id.* at *6.

Instead of filing an amended complaint before Judge Kahn, Plaintiff commenced the present action. Plaintiff's complaint in this action mirrors her complaint before Judge Kahn, with the exception of two paragraphs that provide the following:

> Durring [sic] my employment with North Country Academy. [sic] I was routinely denied the lunch hour that I requested in my interview. When I interviewed at North Country Academy. [sic] I told the person who interviewed [me][,] Sandy Venditti[,] that I was a type 1 diabetic and would need to eat before 1:30 pm and I would have to snack durring [sic] the day. The time clock records show that I ate after 1:30 the majority of work days. I asked if they needed a doctors [sic] note and I was told no.
>
> The ongoing denial of this reasonable accomodation [sic] caused physical damage and interfered with my ability to work. I would like compensation for the damages as stated in the Americans with Disabilities Act in the amount of $300,000 dollars.

Dkt. No. 1 at 2.

Defendant argues that Plaintiff's complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 10-3 at 9-15. Defendant

2

claims that, since the additional allegations in the complaint do not sufficiently correct the defects in Plaintiff's original complaint, Plaintiff has still failed to state a claim. *See id.* Defendant further argues that Plaintiff's complaint should be dismissed with prejudice since she was already given the opportunity to amend once and has still failed to state a claim. *See id.* at 14-15.

With respect to the underlying factual background in this case, the Court refers the parties to Judge Kahn's Memorandum-Decision and Order, which extensively set forth the facts and allegations in Plaintiff's complaint. *See Dominelli*, 2016 WL 616375, at *1-2.

### III. DISCUSSION

**A.    Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)); *see also Sutton ex rel. Rose v. Wachovia Secs., LLC*, 208 Fed. Appx. 27, 29-30 (2d Cir. 2006) (noting that, on a motion to dismiss, a court may take judicial notice of documents filed in another court).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* FED. R. CIV. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *Id.* at 570.

Despite this tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "'construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002) (quoting *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir. 2000)).

**B.     ADA Claims**

   *1. Failure to Accommodate*

"Claims alleging disability discrimination in violation of the ADA are subject to the burden-shifting analysis originally established by the Supreme Court in *McDonnell Douglas*

4

*Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973)." *McBride v. BIC Consumer Products Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir. 2009) (citing *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006)). The first part of the burden-shifting analysis requires a plaintiff to establish a prima facie case for disability discrimination. *See id.* "An employer may . . . violate the ADA by failing to provide a reasonable accommodation." *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013). To state a claim for disability discrimination under the failure to accommodate framework, a plaintiff must establish that "(1) [p]laintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Id.* (quoting *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 184 (2d Cir. 2006)).

Judge Kahn held that Plaintiff failed to establish the first element of the test. *See Dominelli*, 2016 WL 616375, at *5. The definition of disability under the ADA is "a physical or mental impairment that substantially limits one or more major life activities . . . ." 42 U.S.C. § 12102(1)(A). Judge Kahn noted that the question of whether a person has a disability "requires an 'individualized and fact-specific' examination." *Dominelli*, 2016 WL 616375, at *5 (quoting *Krikelis v. Vassar Coll.*, 581 F. Supp. 2d 476, 585 (S.D.N.Y. 2008)). Judge Kahn also noted that diabetes is often held not to constitute a disability, but that diabetes can qualify as a disability under the ADA in certain circumstances. *See id.* Judge Kahn found that Plaintiff did not sufficiently allege that her diabetes qualifies as a disability under the ADA. *See id.* In the present matter, Plaintiff has again failed to sufficiently allege that her diabetes qualifies as a disability under the ADA. Plaintiff merely makes a general allegation that she is diabetic, but does not

5

specifically allege which, if any, major life activities have been limited by her impairment. *See* Dkt. No. 1 at 2. In Plaintiff's response to Defendant's motion to dismiss, she does attempt to liken her diabetes to other cases where plaintiffs with diabetes successfully alleged that they had a disability, but she does not specifically allege that she has any limitations similar to the plaintiffs in those cases. *See* Dkt. No. 13 at 2-3. Plaintiff also lists major life activities included in 42 U.S.C. § 12102(2), but does not sufficiently allege that she has been limited in any of those life activities. *See id.* As such, Plaintiff has still not sufficiently alleged the first element.

With respect to the second element, Judge Kahn found that Plaintiff gave notice to her employer, but that she did not establish that the ADA definition of employer applies to Defendant. *See Dominelli*, 2016 WL 616375, at *5. Here, Plaintiff has still not made any allegations that Defendant is an employer subject to the ADA.

Turning to the third element, Judge Kahn found that Plaintiff did not sufficiently allege that she could, with reasonable accommodations, perform the essential functions of the job at issue. *Id.* at *5. Plaintiff has also failed to allege that here. However, Plaintiff does allege in her response to Defendant's motion to dismiss that "if my job performance was unsatisfactory[,] North Country would have terminated my employment. They did not choose to do that so I feel that the court can assume that my work performance was adequate." Dkt. No. 13 at 2. This is not a sufficient allegation that Plaintiff could perform the essential functions of her job. Plaintiff does not state the nature of her job functions or that she has received any feedback during her employment relating to her performance.

Judge Kahn found that Plaintiff sufficiently alleged the fourth element. *See Dominelli*, 2016 WL 616375, at *5. Plaintiff alleged numerous facts that indicate that Defendant did not

honor her lunch requests, and Plaintiff attached time sheets to support these allegations. *See* Dkt. No. 1 at 6-12.

Although Plaintiff sufficiently alleged the fourth element and made attempts to allege the first and third, she still fails to state a cause of action under the ADA for failure to accommodate.

### *2. Disability Discrimination*

"To establish a claim of discrimination based on a disability, a plaintiff must show that '(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered [an] adverse employment action because of his disability.'" *Hammond v. Keyspan Energy*, 349 Fed. Appx. 629, 630 (2d Cir. 2009) (quoting *Cameron v. Cmty. Aid for Retarded Children, Inc.*, 335 F.3d 60, 63 (2d Cir. 2003)).

Plaintiff has not sufficiently alleged any of these elements. The first three elements fail for the same reasons as discussed above. Moreover, Plaintiff has admitted that "[c]omplaints about adverse job actions are not part of this claim. The employer did not provide reasonable accommodations, which resulted in an unsafe working environment." *See* Dkt. No. 13 at 2. As such, it appears that Plaintiff is not even attempting to allege the fourth element of this claim. Accordingly, Plaintiff's claim under the ADA's disability discrimination framework is also dismissed.

### **C.    Leave to Amend**

Defendant argues that, since Plaintiff was already given one opportunity to amend her complaint, her complaint should be dismissed with prejudice. *See* Dkt. No. 10-3 at 14-15. "'Although Rule 15(a) of the Federal Rules of Civil Procedures provides that leave to amend "shall be given freely when justice so requires," it is within the sound discretion of the district court to

7

grant or deny leave to amend.'" *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). "Generally, 'a district court has direction to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *Id.* (quoting *McCarthy*, 482 F.3d at 200).

Here, considering Plaintiff's *pro se* status, the Court finds it appropriate to grant Plaintiff leave to amend her failure to accommodate claim. Given that Plaintiff frequently took her lunch break after 1:30 p.m., which is supported by her time sheets, she has sufficiently alleged that Defendant did not make reasonable accommodations for her, and she may have a viable cause of action. *See* Dkt. No. 1 at 2-3, 6-12. Moreover, Plaintiff did not act in bad faith or with undue delay, and Defendant would not be unduly prejudiced by Plaintiff's ability to amend her complaint. Although Plaintiff did not clearly follow Judge Kahn's instructions to add more specific allegations to her complaint, it appears that Plaintiff did attempt to allege the first and third elements of her failure to accommodate claim in her response papers, *see* Dkt. No. 13 at 2-3, and it also appears that Plaintiff may not have fully understood Judge Kahn's instructions regarding her amended complaint, *see id.* at 2. Plaintiff tried to satisfy the first element (that she is a person with a disability under the ADA) by comparing her case to other cases where courts have found that diabetes was a disability under the ADA, but she did not make specific allegations regarding her life activities that have been limited. Any amended complaint filed by Plaintiff must specifically allege how she is impaired and which life activities are limited by her impairment.

With respect to the third element of her failure to accommodate claim, Plaintiff argued that the fact that she was not terminated indicates that her work performance was adequate. *See id.* at 2. As discussed above, Plaintiff's conclusory allegation that her work performance was adequate does not sufficiently demonstrate that she could perform the essential functions of her job with

8

reasonable accommodations. However, Plaintiff did attempt to address this element by claiming that her work performance was adequate since she was not terminated. Any amended complaint should set forth specific facts regarding the nature of her job functions and any feedback that she may have received.

Plaintiff has still failed to plead the second element of her claim (that the ADA definition of employer applies to Defendant). Plaintiff must set forth all of the specific facts that she is aware of indicating that Defendant is an employer subject to the ADA. *See* 42 U.S.C. § 12111 (discussing requirements for an employer to be subject to the ADA, including having 15 or more employees for each working day in 20 or more calendar weeks and engaging in an industry affecting interstate commerce).

Finally, Plaintiff's claim for disability discrimination under the ADA is dismissed with prejudice. Plaintiff admitted herself that she did not suffer an adverse employment action as a result of her disability. *See* Dkt. No. 13 at 2.

Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must set forth all of the claims and factual allegations that Plaintiff wants the Court to consider as a basis for awarding relief.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 10) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff may file an amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that, if Plaintiff does not timely file an amended complaint, the Clerk of the Court is instructed, without further order of the Court, to enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.[1]

**IT IS SO ORDERED.**

Dated: November 18, 2016
      Albany, New York

*Mae A. D'Agostino*
U.S. District Judge

---

[1] As a result of this Memorandum-Decision and Order, Plaintiff's claim for failure to accommodate under the ADA is dismissed without prejudice. Plaintiff may file an amended complaint that sets forth the facts and allegations relating to that claim. However, Plaintiff's claim under the ADA's disability discrimination framework is dismissed with prejudice.

10